United States District Court
Middle District of Florida
Jacksonville Division

**CARNEL LAMONT OLIVER,**

    *Plaintiff,*

v.                                    **NO. 3:26-cv-568-WWB-PDB**

**UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT
& JACKSONVILLE HOUSING AUTHORITY,**

    *Defendants.*

---

## Order

The plaintiff sues the defendants for alleged racial discrimination in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 3604, and the Fifth Amendment to the United States Constitution (42 U.S.C. § 1983). Doc. 9. This order addresses the third amended complaint and a pending motion.

### 1.

A court must construe a pleading drafted by an unrepresented litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel to sustain an action. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

If a plaintiff is proceeding without prepayment of fees or costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To decide if a plaintiff shows she is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.* A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

2

has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The district judge's standing order entered on January 13, 2021, supplements the rule by requiring at least 12-point Arial typeface. The standing order is available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-revised-local-rules-6-21-mc-3-orl-78.pdf.

The plaintiff fails to state a plausible claim for relief. He largely relies on 47 pages of exhibits included with the third amended complaint, citing each exhibit generally, *see* Doc. 9 at 3. He fails to allege simple, concise, and direct facts to make plausible that the defendants discriminated against him based on his race. Allegations about his race and "closed public housing and Section 8 waiting lists," *see* Doc. 9 ¶ 3.1, alone do not suffice. The third amended complaint also violates the district judge's standing order because it is typed in an impermissible size. *See* Doc. 9. The court will provide the plaintiff with a final opportunity to amend the complaint to allege sufficient facts and comply with the typography requirements.

By **May 12, 2026**, the plaintiff must file a fourth amended complaint stating a plausible claim on which relief may be granted and complying with the typography requirements in the district judge's standing order (at least 12-point Arial typeface). He must include a short and plain statement of each claim showing he is entitled to relief. He must briefly and plainly explain what occurred, what each defendant did, how what each defendant did relates to his race, and facts that suggest racial discrimination. He may include exhibits, but the court will not sift through them to try to create a plausible claim for relief for him—he must briefly and plainly allege facts making each claim plausible. Each defendant must be able to read the fourth amended complaint and clearly understand the claim or claims against it and the factual grounds upon which each claim rests. If he cannot comply with the typography requirements in the district judge's standing order, he may move for suspension of the order.

The fourth amended complaint must also include a certificate on the use of generative artificial intelligence, as required by the district judge's standing order entered on April 2, 2026. The standing order is available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-ai.pdf.

**Failure to timely comply with this order may result in a recommendation of dismissal. If the statute of limitations has passed, the dismissal will operate as a dismissal with prejudice.**

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from

4

a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

## 2.

The court **denies without prejudice** the plaintiff's motion for declaratory judgment. Doc. 10. The motion violates Local Rule 1.08(a) (stating typography requirements), as supplemented by the district judge's standing order entered on January 13, 2021 (requiring papers to be in at least 12-point Arial typeface). Moreover, the plaintiff appears to request the relief he demands in his pleading, but the lawsuit is in its infancy.

**Ordered** in Jacksonville, Florida, on April 23, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:     Carnel Lamont Oliver
       611 E. Adams Street
       Jacksonville, Florida 32202